WELLS v. JACKSON IRON CO.

In a writ of entry, if the tenant disclaims a part or all of the land demanded, he is held thereby to admit the demandant's title to the land disclaimed, and is estopped afterwards to deny it. But such admission and estoppel is not rendered final and absolutely conclusive until after judgment.

Therefore in such case, if the tenant disclaims a part of the land demanded and pleads the general issue as to the residue, and the plaintiff accepts the disclaimer, and joins the issue, the tenant may, at any time before judgment, for cause shown, have leave to amend his disclaimer so as to cover a greater or less amount of land than that originally disclaimed.

*1st Case.*

Motion by defendant, that the agreement entered into and filed with the clerk at Nov. term, 1867, be rescinded.

Said agreement is as follows: "Coös ss.    S. J. C., November term, 1867.    Henry B. Wells *v.* Jackson Iron Manufacturing Company.    It is agreed by the parties in the above action as follows, viz.:    1st. The defendants agree that they will furnish the plaintiff's counsel a specification of the title, so far as when granted by the State and to whom, of any and every grant, piece, or parcel of land included within the boundaries of Sargent's purchase, as claimed by them, which the said defendants claim or ask to have deducted from the entire quantity of land within said boundaries, and of the place or places where the documentary evidence of said title or titles may be recorded, and that the said defendants exhibit to the plaintiff's counsel all documentary evidence not recorded which they intend to offer on the trial of this action; and, that all this be done by March 1st, 1868.

2d. It is agreed by both parties that the execution and delivery of all deeds and copies used on either side on the former trial and referred to in the printed case be admitted, and that all objections to the captions of depositions used on the former trial are waived."

[Signed]

"Benton & Ray, H. & G. A. Bingham, *Attorneys for plaintiff.*
Burns, Fletcher & Heywood, *Attorneys for defendants.*

Both parties offered affidavits alleged to bear on the motion.

The Justice who held the present term also held the Nov. term, 1867, and has a distinct recollection of what then took place relative to this case.    This recollection is as follows:

The case, if tried in its order, would probably have been reached during the second week.    Neither party professed to be ready to try the case in its order; and it was claimed by defendants and admitted by plaintiff that both parties had understood, until very shortly before the term, that the term was to be held by a Justice who did not sit in this case.    Plaintiff pressed for a trial, either at the close of that term or at an adjourned term.    Defendants alleged that they could not be ready to try the case before the next regular term in April, 1868. Among other statements made during the discussion of the question of continuance, George A. Bingham, Esq., one of plaintiff's counsel, said, in substance, that he understood that defendants intended to offer proof that various portions of the premises included within the bounds of Sargent's purchase had been granted by the State prior to the grant to Sargent & *als;* that whenever such proof was offered, plaintiff might be taken by surprise and unable to meet it without a continuance for that purpose; that if the trial of the case was begun at Nov. term, it might be necessary for this reason to delay the case till the April term; whereas, if the case should be continued to the April term without the plaintiff's having any previous notice of defendants' evidence, a further continuance might then be requisite to enable plaintiff to meet such

evidence.   Mr. Bingham then suggested that, if the case should be continued to the April term, defendants ought to enter into such an agreement as that contained in the first clause of the above agreement; otherwise the case might, at April term, have to be continued still further.

The foregoing comprises the substance of all that was said by plaintiff relative to the propriety of making such an agreement.   It was thereupon intimated to defendants, by the court, that if they should give a bond to respond for mesne profits, and should enter into an agreement similar to the one above printed, they might expect a continuance to the April term.   Defendants then gave a bond to respond for mesne profits, and entered into said agreement, which was filed Nov. 14th, 1867.   At April term, 1868, the case was tried, and the jury disagreed.   In the course of the trial, defendants moved to be relieved from the said agreement.   The motion was denied, with an express reservation for the law term of all matters within the discretion of the court at the trial term.   At the present term defendants moved that the agreement be rescinded, and offered affidavits tending to show that, since the execution of said agreement, they had discovered evidence of previous grants within the bounds of Sargent's purchase.   Defendants stated that they did not care whether the second clause of the agreement was rescinded or not.

The court ordered that the agreement should be annulled, upon terms.   Plaintiff excepted, and tendered this bill of exceptions, which was certified to be correct; it being understood that all affidavits used on the hearing, and both the previous reserved cases, are made a part of this statement.

### 2d Case.

Writ of entry dated July 10th, 1860.   In 1867 defendants, by leave, amended their pleadings, disclaiming all the demanded premises north of a certain line, and pleading *nul disseizin* as to the residue.   Plaintiff accepted the disclaimer, and joined issue as to the residue.   At the present term the following motion was made : The defendants move the court for leave to change their plea so as to fix their line north of which they disclaim—further north than the line now designated.   They wish for time to make the change, so that they may make surveys and fix definite bounds.   The motion was *pro forma* denied, subject to exception ; all questions of discretion being reserved for the law term.   The case was reserved ; the preceding bill of exceptions, and all previous reserved cases, being made a part of this statement.

*H. & G. A. Bingham*, for plaintiff.

1. The agreement was made in good faith, and was acted upon as conclusive and final upon all matters and things contained in it.

Defendants knew at the time of the existence of Cutts's Grant, or, if

ignorant of it, it must have been from gross negligence on the part of defendants or their counsel. From the effects of such negligence the court will not relieve a party. *State* v. *Carr*, 21 N. H. 166 ; *Dennett* v. *Dennett*, 44 N. H. 536 ; Morrison's Digest, p. 571, Nos. 24, 570, 17 ; *Heath* v. *Marshall*, 46 N. H. 40.

2. The disclaimer operated to convey the land disclaimed to the plaintiff, and, as to it, was as beneficial to the plaintiff as a judgment. Jackson on Real Actions 97, 98, 99, and 100 ; Stearns on Real Actions 222–5 ; *Hamilton* v. *Elliot*, 4 N. H. 182 ; *Prescott* v. *Hutchinson*, 13 Mass. 440.

*Burns & Heywood, and Fletcher & Heywood,* for defendants.

Under our practice the court have full power to allow amendments of pleadings at any time in actions pending before the court. *Taylor* v. *Jones*, 42 N. H. 38 ; *Probate Court* v. *Webster*, 46 N. H. 518 ; 15th rule of court. Under the common law the plaintiff could recover no costs in any suit; and in real actions, where the demandant was not entitled to damages, a disclaimer of the whole of the demanded premises operated to abate the writ, for the reason that the demandant might immediately enter and would become seized according to the title set forth in his writ, and the tenant was estopped from disputing that title. The suit was stopped at that point because demandant had nothing further to demand of the adverse party. Jackson on Real Actions, p. 97, sec. 10 ; *Prescott* v. *Hutchinson*, 13 Mass. 438. Under our statute (G. S., ch. 214, sec. 6) the tenant who disclaims the whole of the demanded premises recovers his costs, unless demandant maintains his writ as to some part of the demanded premises. If demandant maintains his writ, he recovers costs under the provision of sec. 1. So that under our statute, upon a disclaimer of the whole even of the demanded premises, there is to be a judgment rendered for the prevailing party for costs. After the suit is ended, then the principle of the English rule would apply, and the demandant would than have the right of entry, and the tenant would be estopped from disputing his title. Until such judgment is rendered the action is pending in court, and the court have full power over the pleadings of such pending suit. *Society* v. *Hall*, 2 N. H. 416. The disclaimer in this case was made by the tenants under a mistake as to the extent of their claim. Since the disclaimer was made there have been prior grants discovered within the limits of Sargent's purchase, which extend that purchase farther north than the line disclaimed to by tenants. And to hold them to that disclaimer, made under a mistake as to the extent of the purchase under which they claim, would (if tenants finally prevail in this suit) give to demandant a tract of Sargent's purchase to which the tenants would have the legal title, and thus give demandant an unjust advantage. The court had the power to amend the agreement; and whether that power should be exercised or not, and upon what terms, is entirely a question of discretion. See opinion lately delivered by SARGENT, J., in this case.

*1st Case.*

SARGENT, J.   From the facts found in this case, it seems that we came to a correct conclusion as to the nature and objects of this agreement, as well as the motives and reasons which led to the making of the same, in our former opinion in this case.   48 N. H. 491, 524. And upon the facts here stated we are confirmed in the conclusions to which we arrived in that opinion, that it was an order or agreement having reference to the trial of the cause at the next term before the jury ; that at that term the ruling refusing to set it aside was correct : but that after that trial had passed, if there was to be a new trial, either from a disagreement of the jury at that trial, or because the verdict rendered should be set aside on exceptions, or if the case should be reviewed, then that, for proper reasons shown, that order or agreement might be modified or set aside upon some terms ; and that it would be within the discretion of the court at the trial term to set aside the same, or to allow it to be modified.   We cannot doubt that this conclusion was correct; and that being so disposes of the first case reserved, because the court, at the trial term, heard the parties and their proofs, and exercised the discretion which it was their right to do, and ordered a judgment, and we do not understand that any question of discretion is here reserved.

The court, by ordering a judgment annulling the agreement and reserving no exceptions, has put the plaintiff, against whom the ruling was made, to his bill of exceptions, upon which a hearing is to be had and a decision made by our present statute—Gen'l Stats., chap. 189, sec. 10—" as upon a writ of error, or other proper process for bringing the same before the whole court for decision."   Neither a writ of error nor an exception lies to a ruling or decision which is within the discretion of the court.   *Fowler* v. *Towle*, 49 N. H. 507.   The court may reserve a question of discretion if they choose, but that is not this case.   No questions are here reserved.   And there is really no foundation for this bill of exceptions.

But without feeling called upon to do so, we have as a matter of curiosity examined the evidence upon which the court at the trial term made their ruling, and see no reason for revising the decision arrived at in this case.                                    *This case is discharged.*

*2d Case.*

By our statute costs shall follow the event of every action or petition unless otherwise directed by law or by the court.   Gen. Stats., ch. 214, sec. 1.   And in real actions the defendant, who disclaims the whole of the demanded premises, shall recover costs, unless the plaintiff maintain his writ as to some part thereof.   *Id.*, sec. 6.   And where a tenant disclaims either the whole or a part of the demanded premises, the demandant may still maintain his writ, for the prevailing party in a writ of entry is in this State entitled to costs.   *Society, &c.* v. *Hall*, 2 N. H. 417.

So that in all cases of writs of entry there is to be a judgment entered in the case of some kind ; and unless, in this case, there is a good reason why a plea during the proceedings in court should stand upon different grounds from pleas in ordinary cases, then there is nothing binding in the plea until there is judgment upon the pleadings and issue in the case. In ordinary cases pleadings may be amended at any time before judgment. Gen. Statutes, ch. 207, secs. 8, 9, where amendments in matters· of substance are authorized at any stage of the proceedings, upon terms, unless when the rights of third persons are·to be affected thereby, which is not the case here. None but the parties to the suit here are to be affected by this amendment if allowed.

So by the 15th rule of court such amendments are allowed in all cases. No exception is made in case of real actions, or in case a disclaimer is pleaded in such action. *Taylor* v. *Jones*, 42 N. H. 38; *Judge of Probate* v. *Webster*, 46 N. H. 518. Suppose in a suit on a promissory note the defendant confesses a certain part of the plaintiff's claim, and pleads to the residue : in such case the plea of confession is a sufficient foundation for a judgment *pro tanto*. But no judgment is taken on that portion of the claim until the fact in dispute is tried and a judgment rendered in the whole case ; and at any time before such judgment, such plea of confession may be amended, like any other plea. The defendant might be allowed to withdraw this confession entirely if he made a case strong enough, or he might ·be allowed to confess a larger sum due, or a less sum.

So in a writ of entry, if the defendant disclaim the whole, and the plaintiff stops there, the defendant shall recover costs ; and, as is remarked in *Prescott* v. *Hutchinson*, 13 Mass. 442, where this same question is discussed,—" The judgment has relation in every case to the plea, and its effect depends upon the nature of the plea. So that, although judgment should be for the tenant, upon a disclaimer pleaded in bar, yet the demandant's right to the land would not be lost or barred by the judgment, because the same record, taken altogether, would show that the tenant admitted the demandant's title to the land, and he (the tenant) would afterwards be estopped from denying it."

But we do not understand that this final estoppel is raised and made absolutely conclusive until the judgment.

So when it is said in *Hamilton* v. *Elliott*, 4 N. H. 190, that the tenant in that case cannot now set up any title under the mortgage against his disclaimer, it must be understood that the disclaimer was filed, and a judgment rendered upon it, ten years before the suit in question was brought ; and what is there said of the force and effect of a disclaimer, applies only to a disclaimer in a case where judgment has been rendered.

And so we find in Jackson on Real Actions 97, 101, and Stearns on Real Actions 222, the same or similar remarks upon the nature and effects of a disclaimer ; but we think that these remarks refer to the effect of the disclaimer after judgment, and not before. In Jackson on R. A., p. 100, this statement is made : " But after a general disclaimer, he (the tenant) is forever barred from asserting any title inconsistent

with that set forth by the demandant, because he has relinquished everything that is demanded against him in the writ, and the demandant is in a manner remitted to all that he claims, as if he had recovered it by a verdict on the general issue."

But a verdict does not have any effect to bind or estop any one finally until there is judgment· upon it. The verdict may be set aside before judgment, and then it can effect no one, any more than a disclaimer or plea of confession can effect or bind one after it is withdrawn or modified. Either may be a good foundation for a judgment; but until the judgment they may be set aside or changed or modified, and have no force to operate as an estoppel, to prevent the pleader from changing his position from amending his plea, until the judgment.

In Coke Littleton 362 and 363, sec. 691, it is said—"Also if tenant in taile discontinue the taile, and dieth, and his issue bringeth his writ of formedon against the discontinuee (being tenant of the freehold of the land), and the discontinuee plead that he is not tenant, but utterly disclaymeth from the tenancy in the land; in this case *the judgment shall be* that the tenant goeth without day; and *after such judgment,* the issue in the taile that is demandant, may enter into the land notwithstanding the discontinuance, and by such entrie he shall be adjudged in his remitter. And the reason is, for that if any man sue a *præcipe quod reddat,* against any tenant of the freehold, in which action the demandant shall not recover damages, and the tenant pleads non-tenure, or otherwise disclaime in the tenancie, the demandant cannot averre his writ, and say that he is tenant as the writ supposeth. And for this cause the demandant, *after that judgment is given* that the tenant shall go without day, may enter into the tenements demanded, the which shall be as great an advantage to him in law as if he had judgment to recover against the tenant, and by such entrie he is in his remitter by force of the entaile. But where the demandant shall recover damages against the tenant, there the demandant may averre that he is tenant as the writ supposeth, and that for the advantage of the demandant to recover his damages, or otherwise he shall not recover his damages which are or were given to him by the law."

And in the note it is said, that " albeit the express judgment be in such case that the tenant shall go without day, yet in judgment of law the demandant may enter according to the title of his writ;" also, " that in such a *præcipe,* where the demandant is to recover damages, if the tenant plead non-tenure or disclaim, there the demandant may averre him to be tenant of the land as his writ supposes for the benefit of his damages, which otherwise he should lose; *or pray judgment* and enter. But where no damages are to be recovered, as in formedon in the discender and the like, there he cannot averre him tenant, but pray his judgment and enter, for thereby he hath the effect of his suit."

At common law there were no costs, and so, unless there might be a judgment for damages, the judgment was upon the disclaimer, that the tenant go without day, that is, to be discharged of further attendance; but in such case it seems the demandant was always to *pray judgment,* and *judgment was to be rendered* before entry into the land.

We think that in this ·case the court might allow the defendants to change or amend their plea, according to their motion.

The only question would be whether the amendment ought to be allowed in order to do justice between the parties; and we see no reason why the defendants should not be allowed to amend this plea, for the reason that they have been allowed to specify additional grants made within the limits of Sargent's purchase before the grant to Sargent. The fact that they have found new grants, if it be so, which had been made in the limits of their purchase, and which are to be made up on the north, would of course vary their north line.

We are unable to see why the same causes and reasons which would lead the court to annul the agreement between the parties and allow the defendants to claim more " *outs*" to be deducted from Sargent's purchase than were at first known or claimed, should not require that the line fixed by the disclaimer should be altered to correspond, in order that the defendant, if he should prove these " outs," might have the benefit of having them added upon the north, according to his grant or deed.

We cannot doubt that it is a matter properly within the discretion of the court at the trial term, to allow this disclaimer to be changed or amended as requested. And we see no reason why the orders anulling the agreement before made, for the purpose of showing these additions upon the north, would not be a sufficient reason for allowing the line fixed by the disclaimer to be changed.

So far as the power and right of the court to allow this amendment are concerned, the exception is sustained, and we see no reason why as a matter of discretion such amendment ought not to be allowed.

*Exceptions sustained.*